John C. Longmire
(A Member of the Firm)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| EnviroSolutions of New York, LLC, et al.,[1] | : | Case No. 10-11236 (SMB) |
| | : | |
| Debtors. | : | Joint Administration Pending |

------------------------------------------------------------x

# DEBTORS' APPLICATION TO EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned action (collectively, the "**Debtors**" or the "**Company**") hereby move for entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the employment and retention of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees) and its wholly owned subsidiaries (collectively, "**A&M**") to serve as restructuring advisors to the

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) 9304 D'Arcy, LLC (9577); (ii) Advanced Enterprises Recycling, Inc. (9105); (iii) Ameriwaste, LLC (6130); (iv) Ashland Investments, LLC (7823); (v) Big Run Coal and Clay Company, Inc. (3540); (vi) BR Landfill, LLC (9154); (vii) BR Property Holdings, Inc. (2700); (viii) Capels Landfill, LLC (8598); (ix) Curtis Creek Recovery Systems, Inc. (9429); (x) Doremus Ave Recycling and Transfer, LLC (3439); (xi) EnviroSolutions Holdings, Inc. (4890); (xii) EnviroSolutions Leasing, LLC (8801); (xiii) EnviroSolutions Logistics, LLC (9595); (xiv) EnviroSolutions of New York, LLC (7737); (xv) EnviroSolutions Real Property Holdings, Inc. (9014); (xvi) EnviroSolutions, Inc. (8726); (xvii) ETW, LLC (0832); (xviii) Furnace Associates, Inc. (3247); (xix) Potomac Disposal Services of Virginia, LLC (9877); (xx) Potomac Disposal Services of Virginia Real Property Holdings, LLC (7998); (xxi) River Cities Disposal, LLC (3920); (xxii) Solid Waste Transfer and Recycling, Inc. (6151); and (xxiii) STI Roll-Off, LLC (7081). The Debtors' executive headquarters' address is 11220 Asset Loop, Suite 201, Manassas, VA 20109.

Debtors, nunc pro tunc to the date of filing of these cases (the "**Petition Date**") (the "**Application**").  In support of the Application, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

3. By this Application, the Debtors seek to employ and retain A&M as their restructuring advisors, pursuant to sections 327(a) and 328 of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, to perform the services set forth more fully herein, nunc pro tunc to the Petition Date.

## Retention of A&M

4. In consideration of the size and complexity of their businesses, as well as the exigencies of the circumstances, the Debtors have determined that the services of experienced restructuring advisors will substantially enhance their attempts to maximize the value of their estates.  A&M is well qualified to provide these services in light of its extensive knowledge and expertise with respect to chapter 11 proceedings.

5. A&M specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring.  A&M's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating

forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages. A&M's current and former clients include Lehman Brothers Holdings Inc., HealthSouth Corp., Arthur Anderson LLP, Visteon Corporation, Lear Corporation, Washington Mutual Inc. and Tribune Co.

6. In addition, A&M is familiar with the Debtors' businesses, financial affairs, and capital structure. Since the firm's initial engagement on September 3, 2009, the A&M personnel providing services to the Debtors (the "**A&M Professionals**") have worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of these chapter 11 cases. Consequently, the Debtors believe that A&M has developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of this case. For these reasons, A&M is both well qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of these cases. Accordingly, the Debtors submit that the retention of A&M on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

## Scope of Services

7. The Debtors' prepetition engagement letter (the "**Engagement Letter**") with A&M is attached hereto as Exhibit A, the terms of which shall govern the Debtors' retention of A&M except as explicitly set forth herein or in any order granting this Application.

8. The Debtors have chosen Barclays Capital, Inc. ("**Barclays**") to act as its financial advisor. A&M will work closely with Barclays to prevent any unnecessary duplication of efforts in the course of these cases.

9. Among other things, A&M will provide assistance to the Debtors with respect to management of the overall restructuring process, the development of ongoing business and financial plans and supporting restructuring negotiations among the debtors and their creditors with respect to an overall strategy for their chapter 11 cases.

10. A&M will provide such restructuring support services as A&M and the Debtors shall deem appropriate and feasible in order to manage and advise the Debtors in the course of these chapter 11 cases, including, but not limited to:

(a) assistance to the Debtors in the preparation of financial disclosures required by the Court, including the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and Monthly Operating Reports;

(b) assistance to the Debtors with information and analyses required pursuant to the Debtors' proposed debtor-in-possession ("**DIP**") financing;

(c) assistance with the identification and implementation of short-term cash management procedures;

(d) advisory assistance in connection with the development and implementation of key employee compensation and other critical employee benefit programs;

(e) assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the assumption or rejection of each;

(f) assistance to the Debtors' management team and counsel focused on the coordination of resources related to the ongoing reorganization effort;

(g) assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

(h) attendance at meetings and assistance in discussions with potential investors, banks, and other secured lenders, any official committee(s) appointed in these chapter 11 cases, the United States Trustee, other parties in interest and their professionals, as requested;

(i) analysis of creditor claims by type, entity, and individual claim, including assistance with development of databases, as necessary, to track such claims;

(j) assistance in the preparation of information and analysis necessary for the confirmation of a plan of reorganization in these chapter 11 cases, including information contained in the disclosure statement;

(k) assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

(l) assistance in the analysis and preparation of information necessary to assess the tax attributes related to the confirmation of a plan of reorganization in these chapter 11 cases, including the development of the related tax consequences contained in the disclosure statement;

(m) litigation advisory services with respect to accounting and tax matters, along with expert witness testimony on case-related issues as required by the Debtors; and

(n) rendering such other general business consulting or such other assistance as Debtors' management or counsel may deem necessary and consistent with the role of a restructuring advisor to the extent that it would not be duplicative of services provided by other professionals in this proceeding.

**A&M's Disinterestedness**

11. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Declaration of Dennis Stogsdill (the **"Stogsdill Declaration"**), annexed hereto as Exhibit B, A&M: (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") or any person employed in the Office of the U.S. Trustee; (ii) does not hold any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

12. Accordingly, the Debtors believe that A&M is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code.

13. In addition, as set forth in the Stogsdill Declaration, if any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration.

### Terms of Retention

14. Subject to approval by the Court, the Debtors propose to employ and retain A&M to serve as the Debtors' restructuring advisor on the terms and conditions set forth in the Engagement Letter.

15. <u>Compensation</u>. In accordance with the terms of the Engagement Letter, A&M will be paid by the Company for the services of the A&M Professionals at their customary hourly billing rates which shall be subject to the following ranges:

| | | |
|---|---|---|
| i. | Managing Director | $625-850 |
| ii. | Director | $450-625 |
| iii. | Associate | $300-450 |
| iv. | Analyst | $225-300 |

Such rates and ranges shall be subject to adjustment annually at such time as A&M adjusts its rates generally.

16. In addition, A&M will be reimbursed for the reasonable out-of-pocket expenses of the A&M Professionals incurred in connection with this assignment, such as travel, lodging, third party duplication, messenger and telephone charges. In addition, A&M shall be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the preparation and approval of this Application. All fees and expenses due to A&M will be billed in accordance with any interim compensation orders entered by this Court, and the relevant

sections of the Bankruptcy Code, Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

17. Indemnification. As a material part of the consideration for which the A&M Professionals have agreed to provide the services described herein, the Debtors have agreed to the indemnification provisions in paragraph 10 of the Engagement Letter. Notwithstanding the foregoing, the Debtors and A&M have agreed to modify such provisions as follows, during the pendency of these chapter 11 cases:

> All requests of A&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Letter Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall A&M be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct. In no event shall A&M be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

**Fees**

18. The Debtors understand that A&M intends to apply to the Court for allowance of compensation and reimbursement of expenses for its restructuring advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the U.S. Trustee.

19. A&M received $125,000 as a retainer in connection with preparing for and conducting the filing of these chapter 11 cases, as described in the Engagement Letter. In the 90 days prior to the Petition Date, A&M received retainers and payments totaling $587,402 and applied its retainer of $125,000, for a total consideration of $712,402 in the aggregate for

services performed for the Debtors. A&M has applied these funds to amounts due for services rendered and expenses incurred prior to the Petition Date. While it is not presently believed that A&M is in possession of any residual amounts or credits, a precise disclosure of the amounts or credits held, if any, as of the Petition Date will be provided in A&M's first interim fee application for postpetition services and expenses to be rendered or incurred for or on behalf of the Debtors.

20. Given the numerous issues that A&M may be required to address in the performance of their services, A&M's commitment to the level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements set forth herein are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

**Applicable Authority**

21. The Debtors submit that the retention of A&M under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

(a) is not a creditor, an equity security holder, or an insider;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct

> or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

23. Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). A&M's prepetition relationship with the Debtors is therefore not an impediment to A&M's retention as Debtors' postpetition restructuring advisor.

23. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a). The Debtors submit that the terms and conditions of A&M's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Since the Debtors will require substantial assistance with the reorganization process, it is reasonable for Debtors to seek to employ and retain A&M to serve as its restructuring advisor on the terms and conditions set forth herein.

## Notice

24. Notice of this Application will be given to: (a) the Office of the U.S. Trustee; (b) counsel to the administrative agent for the Debtors' proposed debtor-in-possession credit facility and prepetition senior secured credit facility; (c) the indenture trustee under the 12.50% senior subordinated notes due 2015 issued by EnviroSolutions Real Property Holdings, Inc.; (d) the collateral agent for the Debtors' junior secured lenders; and (e) the Debtors' fifty

(50) largest unsecured creditors on a consolidated basis. The Debtors submit that, under the circumstances, no other or further notice is required.

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*The remainder of this page is intentionally left blank.*

## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 12, 2010

                                      EnviroSolutions of New York, LLC, et al.
                                      Debtors and Debtors in Possession

                                      /s/ Marc L. Bourhis
                                      Marc L. Bourhis
                                      Vice President and Chief Financial Officer

WILLKIE FARR & GALLAGHER LLP
Proposed Attorneys for the Debtors and
Debtors in Possession

By: /s/ John C. Longmire
     John C. Longmire
     (A Member of the Firm)

787 Seventh Avenue
New York, New York 10019
(212) 728-8000