UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re : Chapter 11
  :
EnviroSolutions of New York, LLC, et al.,[1] : Case No. 10-11236 (SMB)
  :
                Debtors. : Jointly Administered
---------------------------------------------------------------x

## FINAL ORDER AUTHORIZING DEBTORS TO HONOR CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND TO CONTINUE CUSTOMER PROGRAMS

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 363(b), 1107(a) and 1108(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtors, in their discretion, to perform their prepetition obligations related to the Customer Programs (as defined in the Motion) in the ordinary course of business; and upon consideration of the Motion and all pleadings related thereto, including the Affidavit of Marc L. Bourhis, Chief Financial Officer of EnviroSolutions Holdings, Inc. and Vice President of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of these estates, their creditors and other parties in interest; and after due deliberation and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) 9304 D'Arcy, LLC (9577); (ii) Advanced Enterprises Recycling, Inc. (9105); (iii) Ameriwaste, LLC (6130); (iv) Ashland Investments, LLC (7823); (v) Big Run Coal and Clay Company, Inc. (3540); (vi) BR Landfill, LLC (9154); (vii) BR Property Holdings, Inc. (2700); (viii) Capels Landfill, LLC (8598); (ix) Curtis Creek Recovery Systems, Inc. (9429); (x) Doremus Ave Recycling and Transfer, LLC (3439); (xi) EnviroSolutions Holdings, Inc. (4890); (xii) EnviroSolutions Leasing, LLC (8801); (xiii) EnviroSolutions Logistics, LLC (9595); (xiv) EnviroSolutions of New York, LLC (7737); (xv) EnviroSolutions Real Property Holdings, Inc. (9014); (xvi) EnviroSolutions, Inc. (8726); (xvii) ETW, LLC (0832); (xviii) Furnace Associates, Inc. (3247); (xix) Potomac Disposal Services of Virginia, LLC (9877); (xx) Potomac Disposal Services of Virginia Real Property Holdings, LLC (7998); (xxi) River Cities Disposal, LLC (3920); (xxii) Solid Waste Transfer and Recycling, Inc. (6151); and (xxiii) STI Roll-Off, LLC (7081). The Debtors' executive headquarters' address is 11220 Asset Loop, Suite 201, Manassas, VA, 20109.

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted to the extent set forth herein on a final basis.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Debtors are authorized, in their sole discretion and in the ordinary course of business, to honor and perform all obligations in respect of the Customer Programs, without regard to whether the Debtors' obligations under the Customer Programs arose before or after the Petition Date and that come due in the ordinary course; provided that the Debtors shall not make cash payments in excess of $85,000 in the aggregate on account of the prepetition obligations in connection with the Customer Programs without further order of this Court.

4. The Debtors are authorized, but not directed, to continue, renew, replace, modify, and/or terminate the Customer Programs as they deem appropriate, in their discretion, and in the ordinary course of business, without further application to the Court.

5. The authorization granted hereby to continue the Customer Programs shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to perform, pay or provide credits under the Customer Programs, and none of the foregoing persons shall have any liability on account of any decision by the Debtors not to perform, pay or provide credits under the Customer Programs.

6. Nothing contained in this order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the performance, payments or credits provided under the Customer Programs to the extent they are not satisfied.

7. The relief granted herein shall not constitute an approval or assumption of the Customer Programs or any agreement or policy pursuant to section 365 of the Bankruptcy Code.

8. Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this order shall be effective and enforceable immediately upon entry hereof.

9. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this order.

Dated: New York, New York
April 1, 2010

    **/s/ STUART M. BERNSTEIN**
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE