UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                            :        Chapter 11
                                                 :
EnviroSolutions of New York, LLC, et al.,[1]     :        Case No. 10-11236 (SMB)
                                                 :
                Debtors.                         :        Jointly Administered
------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN
## PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 327(e) and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not directing, the Debtors to: (a) employ and retain professionals utilized in the ordinary course of business, and (b) pay OCB Professionals 100% of postpetition fees and disbursements subject to an individual cap of $40,000 per OCB Professional per month (the "**Individual Cap**") and an aggregate fee cap of $250,000 for all fees of OCB Professionals per month (the "**Aggregate Cap**") in accordance with the terms set forth herein; and upon the Affidavit of Marc L. Bourhis, Chief Financial Officer of EnviroSolutions Holdings, Inc. and Vice President of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings; and due and sufficient notice of the Motion having been given; and it appearing that no other or

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) 9304 D'Arcy, LLC (9577); (ii) Advanced Enterprises Recycling, Inc. (9105); (iii) Ameriwaste, LLC (6130); (iv) Ashland Investments, LLC (7823); (v) Big Run Coal and Clay Company, Inc. (3540); (vi) BR Landfill, LLC (9154); (vii) BR Property Holdings, Inc. (2700); (viii) Capels Landfill, LLC (8598); (ix) Curtis Creek Recovery Systems, Inc. (9429); (x) Doremus Ave Recycling and Transfer, LLC (3439); (xi) EnviroSolutions Holdings, Inc. (4890); (xii) EnviroSolutions Leasing, LLC (8801); (xiii) EnviroSolutions Logistics, LLC (9595); (xiv) EnviroSolutions of New York, LLC (7737); (xv) EnviroSolutions Real Property Holdings, Inc. (9014); (xvi) EnviroSolutions, Inc. (8726); (xvii) ETW, LLC (0832); (xviii) Furnace Associates, Inc. (3247); (xix) Potomac Disposal Services of Virginia, LLC (9877); (xx) Potomac Disposal Services of Virginia Real Property Holdings, LLC (7998); (xxi) River Cities Disposal, LLC (3920); (xxii) Solid Waste Transfer and Recycling, Inc. (6151); and (xxiii) STI Roll-Off, LLC (7081). The Debtors' executive headquarters' address is 11220 Asset Loop, Suite 201, Manassas, VA, 20109.

further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of these estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted to the extent set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The Debtors are hereby authorized, but not directed, to retain the OCB Professionals listed on Exhibit A to this Order in the ordinary course of business without the need to file individual retention applications for each such professional. To the extent that the Debtors promptly retain such professionals listed on Exhibit A, such retentions shall be nunc pro tunc to the Petition Date.

4. **SMB 4/1/10** ~~The Debtors may supplement the list of OCB Professionals from time to time as necessary if additional OCB Professionals are to be utilized, and the Debtors shall file each such supplemental list with the Court and serve it by first class mail on: (a) the United States Trustee; (b) Squire, Sanders & Dempsey L.L.P. as counsel to the Official Unsecured Creditors' Committee (the "**Committee**"); (c) counsel to the administrative agent for the Debtors' proposed debtor-in-possession credit facility and prepetition senior secured credit facility; (d) counsel to the Indenture Trustee; (e) the collateral agent for the Debtors' junior secured lenders; and (f) all other parties that have filed a notice of appearance in these cases. If no objections to such supplemental list are filed within fifteen (15) days after the date of service thereof, then all professionals listed on such supplemental list shall be deemed approved by this Court and OCB Professionals within the purview of this Order without the necessity of a hearing~~

2

~~or further notice, provided, that such OCB Professionals comply with the OCB Professional Procedure (as defined below).~~

5. To ensure that each OCB Professional does not represent or hold any interest materially adverse to the Debtors or to their estates with respect to the matters on which such OCB Professional is to be employed, each OCB Professional is required to: (a) file with the Court an affidavit of disinterestedness and questionnaire substantially in the forms annexed to the Motion as <u>Exhibits B</u> and <u>C</u>, respectively; and (b) serve copies thereof on the (i) Debtors, (ii) the United States Trustee, (iii) counsel to the administrative agent for the Debtors' proposed debtor-in-possession credit facility and prepetition senior secured credit facility, (iv) counsel to the Indenture Trustee, (v) the collateral agent for the Debtors' junior secured lenders, (vi) Squire, Sanders & Dempsey L.L.P. as counsel to the Committee, and (vii) those parties who have filed a notice of appearance in these cases, prior to or contemporaneous with the submission to the Debtors of invoices accompanying a request for compensation (the "**OCB Professional Procedure**").

6. The Debtors shall not make any payment to any OCB Professional who has failed to follow the OCB Professional Procedure.

7. The Debtors are authorized, but not directed, to make payments for postpetition compensation and reimbursement of postpetition expenses to each of the OCB Professionals in the manner customarily made by the Debtors prior to the commencement of their chapter 11 cases, in the full amount billed by any such OCB Professional, after the filing of an affidavit of disinterestedness and questionnaire by such OCB Professional, and upon receipt of reasonably detailed invoices indicating the nature of the professional services rendered and calculated in accordance with such professional's standard billing practices (without

prejudice to the Debtors' rights to dispute any such invoices); provided, however, that without further order of the Court upon a formal application seeking approval pursuant to section 330 of the Bankruptcy Code filed by the affected OCB Professional, the Debtors shall not pay amounts per month in excess of: (a) the Individual Cap to any individual OCB Professional; and (b) the Aggregate Cap for fees to all OCB Professionals. If an OCB Professional is paid other than on a monthly basis, the Debtors are authorized to make payments to such OCB Professional in the ordinary course of business in a single payment that exceeds the Individual Cap, but payment of fees to such OCB Professionals may not exceed an average of $40,000 per month for the period for which such payment is made. If an OCB Professional is paid quarterly, the Debtors may not pay such OCB Professional in excess of $120,000 per quarter.

8. At least seven (7) days prior to payment of an invoice for an OCB Professional, the Debtors shall provide written notice (including by e-mail) of (i) the identity of the OCB Professional seeking compensation; (ii) the number of hours billed (if the OCB Professional is billing on an hourly basis) by the OCB Professional during the period for which payment is sought; (iii) the amount of the proposed payment; and (iv) a brief description of the services rendered. For the avoidance of doubt, the Debtors may provide this information by providing counsel to the Committee with a copy of any invoice sent to the Debtors by an OCB Professional. The right of the Committee to object to the payment of any invoice for an OCB Professional shall not be prejudiced by the entry of this Order.

9. Nothing herein shall preclude **SMB 4/1/10 or permit** any OCB Professional, upon disclosure to the Debtors, the U.S. Trustee and this Court, from representing any creditor of the Debtors or any third party in connection with any matter that is unrelated to the representation for which it is being retained.

4

10. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

11. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this order.

Dated: New York, New York
April 1, 2010

                                              **/s/ STUART M. BERNSTEIN**
                                              HONORABLE STUART M. BERNSTEIN
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Schedule of OCB Professionals

| Name of OCB Professional | Service Provided to Debtors |
|---|---|
| Drinker Biddle & Reath LLP | New Jersey Regulatory and Litigation Counsel |
| Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC | Maryland Legal Counsel (General Matters) |
| Houston Harbaugh, PC | 401(k) Legal Counsel |
| Hunton & Williams LLP | EEOC and Virginia Land Use Legal Counsel |
| Lando & Anastasi, LLP | Trademark Legal Counsel |
| Loyens & Loeff, N.V. | Luxembourg Legal Counsel |
| Manatt, Phelps & Phillips, LLP | New York Solid Waste Legal Counsel |
| Piller, Susan J. | Human Resources Consulting |
| Reed Smith LLP | Virginia Employment Counsel |
| Richard Sissman | General Collection Matters – Legal Counsel |
| Shipley, Horne & Hewlett, PA | Maryland Land Use Legal Counsel |
| Spilman Thomas & Battle, PLLC | West Virginia Land Use, Litigation and Regulatory Legal Counsel |
| Stites & Harbison, PLLC | Kentucky Real Estate Tax Legal Counsel |
| Thomas Berger | Virginia Collection – Legal Counsel |
| Trenk, DiPasquale, Webster, Della Fera & Sodono, PC | New Jersey Collection Matters – Legal Counsel |
| VanAntwerp, Monge, Jones, Edwards & McCann, LLP | Kentucky Regulatory, Real Estate and Litigation Legal Counsel |