UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                                            :     Chapter 11
                                                                 :
EnviroSolutions of New York, LLC, et al.,[1]   :     Case No. 10-11236 (SMB)
                                                                 :
                            Debtors.                      :     Jointly Administered
------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "**Motion**"), dated March 23, 2010, of the debtors and debtors in possession in the above-captioned cases (the "**Debtors**"), for an order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code[2] and Bankruptcy Rule 6006, authorizing the rejection of the Rejected Contracts; and it appearing that no other or further notice need be provided; and upon the adjournment of the Motion with respect to that certain Agreement for the Purchase of Stock of Advanced Enterprises Recycling, Inc., dated as of November 1, 2001, by and between Doremus Recovery and Transfer, LLC and Anthony Peterpaul and Frank Peterpaul; and upon the adjournment of the Motion with respect to that certain Asset Purchase Agreement, dated as of August 12, 2004, by and between Capels Landfill, LLC and McDowell County Solid

---

[1]   The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) 9304 D'Arcy, LLC (9577); (ii) Advanced Enterprises Recycling, Inc. (9105); (iii) Ameriwaste, LLC (6130); (iv) Ashland Investments, LLC (7823); (v) Big Run Coal and Clay Company, Inc. (3540); (vi) BR Landfill, LLC (9154); (vii) BR Property Holdings, Inc. (2700); (viii) Capels Landfill, LLC (8598); (ix) Curtis Creek Recovery Systems, Inc. (9429); (x) Doremus Ave Recycling and Transfer, LLC (3439); (xi) EnviroSolutions Holdings, Inc. (4890); (xii) EnviroSolutions Leasing, LLC (8801); (xiii) EnviroSolutions Logistics, LLC (9595); (xiv) EnviroSolutions of New York, LLC (7737); (xv) EnviroSolutions Real Property Holdings, Inc. (9014); (xvi) EnviroSolutions, Inc. (8726); (xvii) ETW, LLC (0832); (xviii) Furnace Associates, Inc. (3247); (xix) Potomac Disposal Services of Virginia, LLC (9877); (xx) Potomac Disposal Services of Virginia Real Property Holdings, LLC (7998); (xxi) River Cities Disposal, LLC (3920); (xxii) Solid Waste Transfer and Recycling, Inc. (6151); and (xxiii) STI Roll-Off, LLC (7081).  The Debtors' executive headquarters' address is 11220 Asset Loop, Suite 201, Manassas, VA, 20109.

[2]   All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Waste Authority, County Commission of McDowell County, West Virginia and McDowell County Economic Development Authority; and it appearing that the relief requested by this Motion is necessary and is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED, that:

1. The Motion is granted to the extent set forth herein.

2. The Rejected Contracts listed on <u>Exhibit A</u> hereto shall be deemed rejected effective as of the date of this Order (the "**Rejection Date**").

3. As of the Rejection Date, the Debtors are relieved from any and all payments or performance due on account of the Rejected Contracts or incurred under the Rejected Contracts after such date; <u>provided</u>, <u>however</u>, that nothing herein determines claims arising from the rejection of the Rejected Contracts, in connection with which the Debtors reserve all of their rights in full.

4. Any proofs of claim relating to any claims arising from the rejection of the Rejected Contracts must be filed in accordance with the terms of the Bar Date Order, by the later of (a) April 26, 2010, which is the General Bar Date established by the Bar Date Order, and (b) the date that is thirty (30) days following the date of notice of entry of this Order.

5. Any holder of a claim arising from the rejection of the Rejected Contracts who fails to file a proof of claim in accordance with the Bar Date Order and this Order by the applicable deadline established herein, shall be forever barred, estopped and permanently enjoined from asserting such claim against the Debtors, their successors or their property (or

filing a proof of claim with respect thereto), and the Debtors, their successors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim.

6. This Court shall retain jurisdiction to hear and determine all matters related to this Order and the implementation hereof.

Dated: New York, New York
April 9, 2010

                                      **/s/ STUART M. BERNSTEIN**
                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# Rejected Contracts[1]

| Contract Counterparty | Address | Type of Contract | Contract End Date |
|---|---|---|---|
| Martin, Harold Sr. | 448 Fawns Run<br>Morganville, NJ 07751 | Stock Purchase Agreement | Not Applicable |
| National City Bank of Pennsylvania | P.O. Box 828702<br>Philadelphia, PA 19182-8702<br><br>- and -<br><br>115 East Broad Street, Loc 16-0051<br>Columbus, OH 43215<br>Attn: Sandra Delong | Credit Card Agreement | Not Applicable |
| New Jersey Rail Carrier, LLC | 65 Central Avenue<br>South Kearny, NJ 07032 | Intermodal Agreement | 6/1/2025 |

---

[1] The inclusion of any contract of agreement on this schedule shall not constitute an admission by the Debtors that any such contract is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code, and the Debtors reserve all rights with respect thereto.