UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
EnviroSolutions of New York, LLC, et al.,[1]       :        Case No. 10-11236 (SMB)
                                                   :
            Debtors.                               :        Jointly Administered
---------------------------------------------------------------x

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN
ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING
ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT
TO SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE,
_NUNC PRO TUNC_ TO THE PETITION DATE**

Upon the application (the "**Application**") of the debtors and debtors in possession in the above-captioned case (collectively, the "**Debtors**" or the "**Company**") for an order pursuant to sections 327(a) and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees) and its wholly owned subsidiaries (collectively, "**A&M**") as restructuring advisors, nunc pro tunc to the date of filing of these cases (the "**Petition Date**") on the terms set forth in the engagement letter (the "**Engagement Letter**") annexed to the Application as Exhibit A; and upon the Declaration of Dennis Stogsdill in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court

---

1   The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) 9304 D'Arcy, LLC (9577); (ii) Advanced Enterprises Recycling, Inc. (9105); (iii) Ameriwaste, LLC (6130); (iv) Ashland Investments, LLC (7823); (v) Big Run Coal and Clay Company, Inc. (3540); (vi) BR Landfill, LLC (9154); (vii) BR Property Holdings, Inc. (2700); (viii) Capels Landfill, LLC (8598); (ix) Curtis Creek Recovery Systems, Inc. (9429); (x) Doremus Ave Recycling and Transfer, LLC (3439); (xi) EnviroSolutions Holdings, Inc. (4890); (xii) EnviroSolutions Leasing, LLC (8801); (xiii) EnviroSolutions Logistics, LLC (9595); (xiv) EnviroSolutions of New York, LLC (7737); (xv) EnviroSolutions Real Property Holdings, Inc. (9014); (xvi) EnviroSolutions, Inc. (8726); (xvii) ETW, LLC (0832); (xviii) Furnace Associates, Inc. (3247); (xix) Potomac Disposal Services of Virginia, LLC (9877); (xx) Potomac Disposal Services of Virginia Real Property Holdings, LLC (7998); (xxi) River Cities Disposal, LLC (3920); (xxii) Solid Waste Transfer and Recycling, Inc. (6151); and (xxiii) STI Roll-Off, LLC (7081). The Debtors' executive headquarters' address is 11220 Asset Loop, Suite 201, Manassas, VA, 20109.

being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Application is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as restructuring advisors to the Debtors, <u>nunc pro tunc</u> to the Petition Date on the terms set forth in the Engagement Letter.

4. All requests of A&M for indemnification or contribution payments pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by this Court to ensure that payment of indemnification or contribution payments conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity or contribution is sought, provided, however, that in no event shall A&M be indemnified or receive contribution in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.  In no event shall A&M be indemnified or receive contribution if the Debtors or a representative of the estates, asserts a claim for, and a court of competent jurisdiction determines by final order that such claim arose

out of, A&M's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

5. The terms of the Engagement Letter, including, without limitation, the compensation provisions and the indemnification provisions, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved.

6. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
      April 15, 2010

                                                  /s/   STUART M. BERNSTEIN
                                             STUART M. BERNSTEIN
                                             UNITED STATES BANKRUPTCY JUDGE